| | |
|---|---|
| 1 | Adam C. Thiessen |
| 2 | Law Office of Adam C. Thiessen<br>TX SBN: 24069185 |
| 3 | SDTX Fed ID No: 3254681 |
| 4 | 733 E 12th ½ St<br>Houston, TX 77007 |
| 5 | (832) 577-7664<br>Adam@TheTexasTrialAttorney.com |
| 6 | |
| 7 | Attorneys for Plaintiff<br>OUTLAW LABORATORY, LP |
| 8 | |

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| OUTLAW LABORATORY, LP a Texas Limited Partnership, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1) **FALSE ADVERTISING (Section 43(a)(1)(B) of the Lanham Act)** |
| EASTLINE ENTERPRISES INC., a Texas Corporation, IHAK, INC., a Texas Corporation, HNJ ENTERPRISES, INC., a Texas Corporation, DAHERI ENTERPRISES, INC., a Texas Corporation, STOP N GONE FOOD STORE INC, a Texas Corporation, CULLEN TEXACO, INC., a Texas Corporation, IHU INC., a Texas Corporation, SUKHANI PETROLEUM, LLC, a Texas Limited Liability Company, DAWANI STORES, INC., a Texas Corporation, BROADVISION, LLC, a Texas Limited Liability Company, GESSNER TANNER TEXACO, INC., a Texas Corporation, ADICO ENTERPRISES, INC., a Texas Corporation, SAFA PROPERTY INVESTMENT, INC, a Texas | **[REQUEST FOR A JURY TRIAL]** |

COMPLAINT

1  Corporation, F & Z ENTERPRISES
2  INC., a Texas Corporation,
   BELLFORT6920, LLC, a Texas
3  Limited Liability Company, and
   DOES 1-100.
4
            Defendants.
5

**COMPLAINT**

1  Plaintiff Outlaw Laboratory, LP, a Texas limited partnership ("OLP" or
2  "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against
3  defendants, EASTLINE ENTERPRISES INC., a Texas Corporation,IHAK, INC., a
4  Texas Corporation, HNJ ENTERPRISES, INC., a Texas Corporation, DAHERI
5  ENTERPRISES, INC., a Texas Corporation, STOP N GONE FOOD STORE INC, a
6  Texas Corporation, CULLEN TEXACO, INC., a Texas Corporation, IHU INC., a Texas
7  Corporation, SUKHANI PETROLEUM, LLC, a Texas Limited Liability Company,
8  DAWANI STORES, INC., a Texas Corporation, BROADVISION, LLC, a Texas
9  Limited Liability Company, GESSNER TANNER TEXACO, INC., a Texas
10 Corporation, ADICO ENTERPRISES, INC., a Texas Corporation, SAFA PROPERTY
11 INVESTMENT, INC, a Texas Corporation, F & Z ENTERPRISES INC., a Texas
12 Corporation, BELLFORT6920, LLC, a Texas Limited Liability Company, and DOES 1-
13 100, inclusive (collectively, the "Defendants"), and in support thereof avers as follows:

## INTRODUCTION

15  1.  Defendants are engaged in a scheme to distribute and sell "male
16 enhancement" pills containing undisclosed pharmaceuticals to the general public.
17 Specifically, Defendants advertise and offer for sale various sexual enhancement
18 supplements, including but not limited to, Rhino 7 Platinum 3000, Rhino 7 Platinum
19 5000, Rhino 8 Platinum 8000, Rhino Big Horn 3000, Rhino 12 Titanium 6000, Rhino 69
20 and Boss-Rhino Gold X-tra Strength (collectively, the "Rhino Products").  All of the
21 Rhino Products have been the subject of laboratory testing and public announcements by
22 the FDA, which found these products to contain hidden drug ingredients such as
23 sildenafil (a prescription drug), desmethyl carbodenafil (an analogue of sildenafil),
24 dapoxetine (an unapproved anti-depressant drug) and tadalafil (a prescription drug),
25 among other dangerous undisclosed ingredients.
26  2.  The Rhino Products are distributed by unknown suppliers (the "Supplier
27 Defendants") through Shell-branded convenience stores which are named herein as co-
28

**COMPLAINT**

defendants (the "Retail Defendants"). Plaintiff has sent letters to each of the Retail Defendants making demands that they cease and desist from the illicit activity.

3. The Retail Defendants profit from the sale of the Rhino Products by disseminating false statements including that the Rhino Products are "all natural," contain "no harmful synthetic chemicals," "no prescription necessary," and have limited side effects. Aside from these patently false statements, Defendants have failed to disclose the true nature of the Rhino Products to their customers, even though they are aware of the dangerous secret ingredients.

4. Plaintiff is the manufacturer of competing products called "TriSteel" and "TriSteel 8hour," which are DSHEA-compliant male enhancement products made in the USA and distributed for sale in all 50 US States.

5. The proliferation of mislabeled male enhancement pills has grown in the shadows of intermittent enforcement of nutritional supplement laws. In this regard, the FDA has issued several public notices regarding the use of sildenafil in over the counter "male enhancement" supplements, but has only taken action on a handful of cases. The Supplier Defendants and the Retail Defendants have taken full advantage of this regulatory landscape, making significant profits selling dangerous products while openly engaging in illicit activity.

6. Thus, Plaintiff's only recourse is a civil action to protect the commercial interests recognized by the Lanham Act and to expose the scheme detailed herein. As such, Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell the Rhino Products, giving consumers the false impression that these products are safe when in reality, Defendants are well aware that the Rhino Products contain hidden drug ingredients.

7. Defendants' false and misleading statements and advertising pose extreme health risks to consumers in at least two ways. First, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not

**COMPLAINT**

required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of the sildenafil and other drug ingredients hidden in the Rhino Products.  Second, by failing to inform consumers that the Rhino Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Rhino Products because they are not made aware they contain sildenafil.

8. Defendants have knowingly and materially participated in false and misleading marketing, advertising, dissemination and labeling to promote and sell the Rhino Products, giving consumers the false impression that these products are safe and natural dietary supplements when in reality Defendants know that the Rhino Products contain synthetic prescription drug ingredients that pose serious health dangers when taken without the supervision of a licensed medical professional.

9. Such false and misleading marketing and advertising is dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Rhino Products.  Consumers of the Rhino Products have little or no incentive to use natural, legitimate and safe sexual performance Rhino Products, such as Plaintiff's TriSteel or TriSteel 8hour, until they are harmed or Defendants' Rhino Products are taken off of the shelves.  Defendants' continuing false, misleading, and deceptive practices have violated the Lanham Act and have unjustly enriched Defendants at the expense of Plaintiff, and have harmed Plaintiff's commercial interests, including but not limited to, loss of revenue, disparagement and loss of goodwill.

10. Among other things, this action seeks to enjoin Defendants from the marketing and sale of any and all of the Rhino Products, disgorgement of Defendants'

**COMPLAINT**

profits, treble damages, punitive damages and attorneys' fees provided by the Lanham Act.

11. Among other things, this action seeks to enjoin Defendants from the marketing and sale of any and all of the Rhino Products, and pursue the full range of damages available to it under

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendants because they have, directly or through their intermediaries (including manufacturers, distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised their products in the United States, the State of Texas, and this county, including but not limited to, the Rhino Products. Defendants have purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

13. Venue is proper in this judicial district because a substantial amount of the events described occurred in this district.

## PARTIES

14. Plaintiff Outlaw Laboratory, LP is a Texas limited partnership organized under the laws of the State of Texas.

15. Upon information and belief, defendant EASTLINE ENTERPRISES INC is a Texas Corporation, which lists its Registered Agent as MUBASHIR KHAN at 1906 MAGNOLIA CREST, SUGAR LAND, TX 77478.

16. Upon information and belief, defendant IHAK, INC. is a Texas Corporation, which lists its Registered Agent as HAKAKM A KHALEQ at 10611 HORSESHOE BEND, HOUSTON, TX 77064.

17. Upon information and belief, defendant HNJ ENTERPRISES, INC is a Texas Corporation, which lists as its Registered Agent as JEROLD JOHNSON at 10700 S MAIN ST STE A, HOUSTON, TX 77025.

**COMPLAINT**

18. Upon information and belief, defendant DAHERI ENTERPRISES, INC. is a Texas Corporation which lists its Registered Agent as MOHAMMED SIDDIQUE DAHERI at 12703 VETERANS MEMORIAL #105, HOUSTON, TX 77014.

19. Upon information and belief, defendant STOP N GONE FOOD STORE INC, is a Texas Corporation, which lists its Registered Agent as TIEN VAN NGUYEN at 12850 SCARSDALE, HOUSTON, TX 77089.

20. Upon information and belief, defendant CULLEN TEXACO, INC., is a Texas Corporation, which lists its Registered Agent as NICK CHALLA at 6310 MODESTO, HOUSTON, TX 77083.

21. Upon information and belief, defendant IHU INC. is a Texas Corporation, which lists its Registered Agent as IRFAN IBRAHIM at 9894 BISSONNET ST STE 400, HOUSTON, TX 77036.

22. Upon information and belief, defendant SUKHANI PETROLEUM, LLC., is a Texas Limited Liability Company, which lists its Registered Agent as MUKESH MANSUKHANI at 8610 AIRPORT BLVD, HOUSTON, TX 77061.

23. Upon information and belief, defendant DAWANI STORES, INC., is a Texas Corporation, which lists its Registered Agent as AMIR DAWANI at 14243 ASHMORE REEF COURT, SUGAR LAND, TX 77498.

24. Upon information and belief, defendant BROADVISION, LLC, is a Texas Limited Liability Company, which lists its Registered Agent as ARIBAHEN PATEL at 5514 PARKSTONE COURT, SUGAR LAND, TX 77479.

25. Upon information and belief, defendant GESSNER TANNER TEXACO, INC. is a Texas Corporation which lists its Registered Agent as KARIM K ALI at 5615 RICHMOND AVE STE 230, HOUSTON, TX 77057.

26. Upon information and belief, defendant ADICO ENTERPRISES INC. is a Texas Corporation which lists its Registered Agent as MUSA A. ADI at 10106 KLECKLEY, HOUSTON, TX 77075.

**COMPLAINT**

27. Upon information and belief, defendant SAFA PROPERTY INVESTMENT, INC is a Texas Corporation, which lists its Registered Agent as ALI BASHTAWI at 10521 GULF FWY, HOUSTON, TX 77034.

28. Upon information and belief, defendant F & Z ENTERPRISES INC. is a Texas Corporation, which lists its Registered Agent as SAIYAD ALI at 6690 W. AIRPORT BLVD, HOUSTON, TX 77035.

29. Upon information and belief, defendant BELLFORT6920, LLC is an Texas Limited Liability Company, which lists its Registered Agent as DEEDAR ALI at 3803 ORCHARD LINKS DR, RICHMOND, TX 77407.

30. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 10, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

31. According to a recent public warning by the FDA, there is a growing trend in the supplement industry of mislabeling "dietary supplements" that contain potentially harmful hidden drugs and chemicals.  Unscrupulous supplement manufacturers and retailers market and advertise these products as enhancing sexual performance, weight loss, and bodybuilding, and misrepresent their products as being "all natural."  Contrary to their representations, these purported "dietary supplements" actually contain potentially harmful hidden ingredients and drugs, and require a prescription from a medical doctor for proper use. The FDA has approved sildenafil for treatment of erectile dysfunction.  However, because of known side effects, drug interactions and

**COMPLAINT**

contraindications, the FDA has deemed sildenafil to be a prescription drug that can only be administered under the supervision of a medical professional.

32. The serious side effects of sildenafil include, for example, priapism (i.e., prolonged penile erections leading to tissue death and potential permanent erectile dysfunction), severe hypotension (i.e., low blood pressure), myocardial infarction (i.e., heart attack), ventricular arrhythmias, stroke, increased intraocular pressure (i.e., increased eye fluid pressure), anterior optic neuropathy (i.e., permanent optic nerve damage), blurred vision, sudden hearing loss, and dizziness.

33. The serious negative drug interactions of sildenafil include, for example, (i) interacting with alkyl nitrites and alpha-1 blockers to cause angina and life-threatening hypotension, (ii) interacting with protease inhibitors to increase the incidence and severity of side effects of sildenafil alone, and (iii) interacting with erythromycin and cimetidine to cause prolonged plasma half-life levels.

34. In addition to these risks, contraindications of sildenafil include underlying cardiovascular risk factors (such as recent heart surgery, stroke or heart attack) since consumption of sildenafil by individuals with these conditions can greatly increase the risk of heart attack.

35. Because of these dangerous side effects, drug interactions and contraindications, the advice and authorization of appropriate licensed medical professionals is absolutely crucial for the safe consumption of sildenafil. Without such safeguards, the consequences can be dire; the sale of mislabeled sildenafil in similar circumstances has led to multiple deaths reported in the media.

### Defendants' Scheme

36. The Supplier Defendants are wholesale suppliers and distributors of various sexual enhancement supplements, which are often imported from China, rarely disclose any manufacturer information on their packaging and contain hidden drug ingredients. The Rhino Products are generally sold in single-pill form. The Supplier Defendants

**COMPLAINT**

distribute the Rhino Products through a network of Retail Defendants, detailed herein, who own and operate independent businesses selling the Rhino Products, disseminate false claims about the Rhino Products, and profit from the sale of dangerous products to consumers at a large markup on each pill.

37. The Rhino Products are high-margin products and as such are situated at or near the checkout counter. The Rhino Products are all subject to FDA public announcements regarding their illicit contents; however, the Retail Defendants still participate in their sale, due to their profitability.

### Defendants and The Rhino Products

38. Defendants market, advertise, disseminate and offer for sale various sexual enhancement supplements, including but not limited to, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Rhino Big Horn 3000, Rhino 12 Titanium 6000, Rhino 69 and Boss-Rhino Gold X-tra Strength (the "Rhino Products").

39. Defendants make numerous false and misleading representations regarding the Rhino Products. For example, and without limitation, Defendants mislabel the Rhino Products as "all natural" "dietary supplements," and advertise and promote such products as containing "no chemicals," "all natural herbal formula," and "no prescription necessary," among other misrepresentations.

40. Contrary to Defendants' representations, recent laboratory analyses by the FDA and otherwise have confirmed that the Rhino Products unlawfully contain hidden drug ingredients, such as sildenafil. Sildenafil is the active ingredient in the FDA-approved prescription drug Viagra, which is used to treat erectile dysfunction. Thus, the Rhino Products are not "dietary supplements" as a matter of law, and Defendants' representations to the contrary are false and misleading for this reason alone.

41. Moreover, Defendants fail to disclose that the Rhino Products contain prescription drug ingredients, such as sildenafil. The sale of products containing hidden drug ingredients (without requiring a prescription and without informing consumers of

**COMPLAINT**

the health and safety risks of these drugs) is unlawful and seriously endangers consumers.  In this regard, Defendants also fail to disclose any of the adverse health consequences of taking PDE-5 Inhibitors, such as sildenafil, tadalafil and vardenafil. According to the FDA, these undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

42. Defendants' false and misleading advertising is harmful to the dietary supplement industry as a whole and to individual consumers.  Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance, but who are not informed (or misinformed) of the serious dangers of using the Rhino Products.

43. Consequently, consumers of the Rhino Products have little or no incentive to use other sexual performance Rhino Products, such as TriSteel, until they are injured or the Rhino Products are taken off the shelves.

## Defendants' False Statements Regarding The Rhino Products

44. Upon information and belief, EASTLINE ENTERPRISES INC owns and operates the retail location at 707 WAYSIDE DR., HOUSTON, TEXAS 77011, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 5000, Super Panther 7K,Triple Green.

45. Upon information and belief, IHAK, INC. owns and operates the retail location at 9503 Westheimer Rd., Houston, Texas 77063, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 5000, Mamba is Hero, Black Panther and Rhino 7 Platinum 3000.

46. Upon information and belief, HNJ ENTERPRISES, INC owns and operates the retail location at 6601 Southwest Frwy, Houston, Texas 77074, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 5000, Super Panther 7K and Triple Green.

**COMPLAINT**

47. Upon information and belief, DAHERI ENTERPRISES, INC. owns and operates the retail location at 17049 KUYKENDAHL RD., HOUSTON, TEXAS 77068, which advertises and offers for sale Black Mamba 2 Premium, Triple Green and Rhino 7 Platinum 3000.

48. Upon information and belief, STOP N GONE FOOD STORE INC owns and operates the retail location at 6275 W AIRPORT BLVD., HOUSTON, TEXAS 77035, which advertises and offers for sale various sexual enhancement supplements, including Triple Green, CONTROL All Natural Sexual Enhancement, Super Panther 7K and Rhino 7 Platinum 3000.

49. Upon information and belief, CULLEN TEXACO, INC. owns and operates the retail location at 7407 CULLEN BLVD., HOUSTON, TEXAS 77021, which advertises and offers for sale various sexual enhancement supplements, including Rhino 5 1500 and Rhino 7 Platinum 5000.

50. Upon information and belief, IHU INC. owns and operates the retail location at 7025 S LOOP E, HOUSTON, TEXAS 77087, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 5000, Super Panther 7K and CONTROL All Natural Sexual Enhancement.

51. Upon information and belief, SUKHANI PETROLEUM, LLC owns and operates the retail location at 8610 AIRPORT BLVD., HOUSTON, TEXAS 77061, which advertises and offers for sale various sexual enhancement supplements, including Super Panther 7K, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Triple MiracleZen Extreme 1750 mg, Libigrow XXX Treme, Stiff Nights and Mamba is Hero.

52. Upon information and belief, DAWANI STORES, INC., owns and operates the retail location at 13350 ALMEDA RD., HOUSTON, TEXAS 77045, which advertises and offers for sale various sexual enhancement supplements, including Mamba is Hero, Triple Green, Black Mamba Premium, Rhino 11 Platinum 11000, Rhino 7

Platinum 5000, Stiff Nights, Libigrow XXX Treme and CONTROL All Natural Sexual Enhancement.

53. Upon information and belief, BROADVISION, LLC owns and operates the retail location at 10707 W. LITTLE YORK RD., HOUSTON, TEXAS 77041, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 5000, CONTROL All Natural Sexual Enhancement, Triple Green, Stiff Nights and Libigrow XXX Treme.

54. On information and belief, GESSNER TANNER TEXACO, INC., operates the retail location at 5701 GESSNER DR., HOUSTON, TEXAS 77041, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 3000, Triple Green and Super Panther 7K.

55. Upon information and belief, ADICO ENTERPRISES INC. operates the retail location at 9802 GULF FWY., HOUSTON, TEXAS 77034 which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 3000 and Rhino 7 Platinum 5000.

56. Upon information and belief, SAFA PROPERTY INVESTMENT, INC owns and operates the retail location at 10521 GULF FWY., HOUSTON, TEXAS 77034, which advertises and offers for sale various sexual enhancement supplements, including Rhino 7 Platinum 5000, FX3000 and Super Panther 7K.

57. Upon information and belief, F & Z ENTERPRISES INC. owns and operates the retail location at 14760 WALLISVILLE RD., HOUSTON, TEXAS 77049, which advertises and offers for sale various sexual enhancement supplements, including Super Panther 7K, Rhino 7 Platinum 3000, Triple Green and Mamba is Hero.

58. Upon information and belief, BELLFORT6920, LLC owns and operates the retail location at 6920 BELLFORT ST., HOUSTON, TEXAS 77087, which advertises and offers for sale various sexual enhancement supplements, including Super Panther 7K and Rhino 7 Platinum 5000.

**COMPLAINT**

**Plaintiff's Dietary Supplements: TriSteel and TriSteel 8hour**

59. Plaintiff OLP is a manufacturer of DSHEA-compliant dietary supplements. Plaintiff manufactures and offers for sale TriSteel and TriSteel 8hour, male sexual performance enhancement supplements that promote increased sexual desire and stamina. The ingredients in TriSteel are Epimedium Extract (leaves), Yohimbe Extract (8mg Yohimbine Alkaloids), Xanthoparmelia Scarbrosa Extract (Lichen), Gamma Amino Butyric Acid (GABA), L-Arginine, Gelatin, Cellulose, Magnesium Stearate and Silica. Plaintiff sells TriSteel and TriSteel 8hour in all 50 states through its website, as well as through many other online and storefront retail locations.

60. Natural products that work like TriSteel and TriSteel 8hour are significantly more expensive to manufacture than the Illicit Products. Thus, Plaintiff is at a significant commercial disadvantage when Defendants sell synthetic drugs that are much more inexpensive to produce overseas, and falsely label them as being natural. Moreover, the simple fact that the Illicit Products are sold "over-the-counter" gives the impression to consumers that the Illicit Products are safe to consume. Defendants make significant profits by disseminating false statements to the consuming public that would instead purchase Plaintiffs directly competing products if Defendants were truthful about the nature and origin of the Illicit Products.

**CAUSE OF ACTION**

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

61. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

62. Defendants advertise and offer for sale various sexual enhancement supplements, including but not limited to, the Rhino Products.

**COMPLAINT**

63.     Defendants make numerous false and misleading representations regarding the Rhino Products.  For example, and without limitation, Defendants mislabel the Rhino Products as "all natural" "dietary supplements" and advertise and promote such products as containing "no chemicals," "NATURAL FORMULA," and "no prescription necessary," among other misrepresentations.

64.     Contrary to Defendants' representations, recent laboratory analyses by the FDA and otherwise have confirmed that the Rhino Products unlawfully contain hidden drug ingredients, such as sildenafil.  Sildenafil is the active ingredient in the FDA-approved prescription drug Viagra, which is used to treat erectile dysfunction.  Thus, the Rhino Products are not "dietary supplements" as a matter of law, and Defendants' representations to the contrary are false and misleading for this reason alone.

65.     Moreover, Defendants fail to disclose that the Rhino Products contain prescription drug ingredients, such as sildenafil.  The sale of products containing hidden drug ingredients (without requiring a prescription and without informing consumers of the health and safety risks of these drugs) is unlawful and seriously endangers consumers.  In this regard, Defendants also fail to disclose any of the adverse health consequences of taking PDE-5 Inhibitors, such as sildenafil, tadalafil and vardenafil.  According to the FDA, these undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

66.     Defendants have used, promoted, and disseminated the false advertising and have thus materially participated in a false and misleading advertising campaign to promote and sell their Rhino Products, giving consumers the false impression that these products are "all-natural" "dietary supplements," which do not require a prescription.  In reality, Defendants knew, or should have known, that their Rhino Products contain hidden drug ingredients and actually require a proper prescription from a medical doctor.

**COMPLAINT**

67. The use of such falsely advertised products has the tendency to deceive a substantial segment of the public and consumers, including those in Texas, into believing that they are purchasing a product with drastically different characteristics.

68. The deception is material because it is likely to influence a consumer's purchasing decisions, especially if the consumer is concerned about the consequences of taking certain prescription drugs without the supervision of a medical doctor.

69. Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising at their stores and shipment of their products containing false and misleading advertising into interstate commerce.

70. Plaintiff has been injured as a result of Defendants' false and misleading statements. Specifically, Defendants' false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of TriSteel and TriSteel 8hour because both products are intended for sexual performance enhancement and target the same consumers. Thus, Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of goodwill in Plaintiff's products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to DSHEA-compliant products (like TriSteel and TriSteel 8hour), and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, struggle to obtain market share. Moreover, Defendants conduct has created reputational damage in that Defendants' misconduct damages the marketplace as a whole and has the tendency to disparage Plaintiff's products and goodwill.

71. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of their products in violation of Section 43(a)(1)(B) of the Lanham Act.

**COMPLAINT**

## PRAYER

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from falsely advertising any of the Rhino Products
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

DATED: August 6, 2018

LAW OFFICE OF ADAM C. THIESSEN

By: _/s/ Adam Thiessen_
Adam C. Thiessen
OUTLAW LABORATORY, LP

---

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: August 6, 2018                    LAW OFFICE OF ADAM C. THIESSEN


By: _____
    Adam C. Thiessen
    OUTLAW LABORATORY, LP

**COMPLAINT**